**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LANEICE R. BENJAMIN,

    Plaintiff,        Civil No. 05-5508 (KSH)

v.

RONALD ALTMAN,         OPINION

    Defendants.

**APPEARANCES**:

  LANEICE R. BENJAMIN, #74507, Plaintiff pro se
  Passaic County Jail
  11 Marshall Street
  Paterson, New Jersey 07501

**HAYDEN**, District Judge

  Plaintiff LaNeice R. Benjamin, an inmate who is confined at the Passaic County Jail, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. The Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account, and to forward it to the Clerk; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915. Having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. BACKGROUND

Plaintiff asserts violations of her constitutional rights against police officers Ronald Altman and Sergeant Griff arising from her arrest. Plaintiff asserts that on July 5, 2005, Defendant Griff approached her and asked her to open her hand, which contained a bag of heroin. She asserts that Griff then searched her, without her consent, and found a second bag of heroin on top of her left breast. She alleges that Griff arrested her and took her to the Narcotics squad, along with six men.

Plaintiff complains that Defendants falsely wrote in a police report indicating that the men were her co-defendants. She asserts that the police did not advise her of her Miranda rights. Plaintiff contends that her arrest and search were illegal, and that statements were obtained without Miranda warnings. For relief, she wants the criminal charges against her dismissed.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not

2

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42

3

U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived her or caused her to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, [a court] must first identify the exact contours of the underlying right said to have been violated in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (citation and internal quotation marks omitted). The Court liberally construes Plaintiff's allegations, see Haines, 404 U.S. at 520, as attempting to assert violation of her rights under the Fourth Amendment to avoid unreasonable searches and seizures, and her Fifth Amendment right against self-incrimination, both applicable through the Fourteenth Amendment.

The Fourth Amendment provides in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. The

4

Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause. Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995). A seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19, n.16 (1968). When a warrantless search is made pursuant to an arrest, "[t]he constitutional validity of the search . . . must depend upon the constitutional validity of the . . . arrest." United States v. Kithcart, 134 F.3d 529, 531 (3d Cir. 1998) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). As the Court of Appeals for the Third Circuit observed:

> Whether that [warrantless] arrest was constitutionally valid
> depends in turn upon whether, at the moment the arrest was made,
> the officers had probable cause to make it--whether at that moment
> the facts and circumstances within their knowledge and of which
> they had reasonably trustworthy information were sufficient to
> warrant a prudent man in believing that the [suspect] had
> committed or was committing an offense.

Kithcart, 134 F.3d at 531 (quoting Beck, 379 U.S. at 91); see also Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996).

In this case, Plaintiff asserts that police officers arrested and searched her, after the police officer saw that she was holding a bag of heroin in her hand. Accepting Plaintiff's allegations as true, the police officer did not violate Plaintiff's Fourth Amendment rights against unreasonable searches and seizures because the heroin in Plaintiff's hand provided probable cause that Plaintiff had committed a crime. "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (citation omitted). Given this standard,

the police did not violate Plaintiff's Fourth Amendment rights because, at the time of the warrantless arrest, "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Kithcart, 134 F.3d at 531 (quoting Beck, 379 U.S. at 91).

Plaintiff also asserts that the police violated her rights by taking a statement from her without reading her rights under Miranda v. Arizona, 384 U.S. 436 (1966). Miranda prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444. To be sure, Miranda requires that, prior to a custodial interrogation, police must warn a person that she has a right to remain silent, that anything she says can be used against her in a court of law, that she has the right to the presence of an attorney, and that if she cannot afford an attorney, one will be provided. Id. at 479. However, "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [her] at trial." Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760 (2003) (plurality). Plaintiff's § 1983 claim based on a custodial interrogation by police without receiving the Miranda warnings fails because nothing alleged in the Complaint supports an inference that Plaintiff made a statement which was used against her to obtain a criminal conviction. Renda, 347 F.3d at 559.

Plaintiff also asks this Court to order dismissal of the charges against her. However, the the doctrine of Younger v. Harris, 401 U.S. 37 (1971), forbids federal court interference in

6

pending state criminal proceedings. Under these circumstances, the Court is constrained to dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(b) and dismisses the Complaint for failure to state a claim upon which relief may be granted.

KATHARINE S. HAYDEN, U.S.D.J.

Dated: 3/28/06 , 2006